UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEREMY SUNDHEIM,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED RENTALS (NORTH AMERICA), INC.,<br><br>                Defendant. | NO:  2:15-CV-0275-TOR<br><br>STIPULATED PROTECTIVE ORDER |

BEFORE THE COURT is the parties Stipulated Motion for Protective Order (ECF No. 10).  The matter was submitted for consideration without oral argument. The Court has reviewed the motion and the file herein, and is fully informed. For good cause shown, the motion is granted.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

The parties to this action (collectively the "Parties") have stipulated and agreed to entry of this Stipulated Protective Order (Stipulation/Order) relating to the production of certain documents, testimony, and information by the Parties.  The Parties acknowledge that certain documents, testimony, and information that may be

STIPULATED PROTECTIVE ORDER ~ 1

discoverable in this action, including but not limited to customer information, pricing, insurance coverage, sales information, and private commercial agreements, may constitute confidential trade secrets or other confidential research, development, commercial, or proprietary information of a sensitive nature, as such terms are used in FED. R. CIV. P. 26(c) and any applicable case law interpreting FED. R. CIV. P. 26(c). Such documents, testimony and information will hereafter be referred to as "Confidential Information."

Under the terms set forth below, the Parties agree to maintain the confidentiality of the Confidential Information and not to use, distribute or otherwise communicate such Confidential Information to any person except as permitted herein and to the extent that such information is not made public by the Parties after the date the Parties execute this Stipulation/Order.

Therefore, to effectuate their agreement, the Parties stipulate to the following:

1.  The Parties agree that the confidential, sensitive and/or proprietary nature of the Confidential Information outweighs the presumption of public access to the Court's files and records, and that there is a compelling need to protect the Confidential Information from public review to protect legitimate business and privacy interests in which the public has little or no compelling interest.

STIPULATED PROTECTIVE ORDER ~ 2

2. The Parties agree that this Stipulation/Order is necessary to allow and facilitate discovery and the protection of all such confidential, proprietary, and/or commercially sensitive information.

3. The Parties may designate any document containing confidential trade secrets or other confidential research, development, commercial, or proprietary information of a sensitive nature produced or created in this litigation as Confidential Information, which it believes in good faith to be subject to the protections of this Stipulation/Order. Any documents so designated shall be clearly marked "Confidential" on their face. For purposes of this Stipulation/Order, the term "document" shall include all writings, drawings, graphs, charts, invoices, agreements, photographs, phone records, electronic documents, emails, and other compilations from which data can be obtained or translated, through detection devices, into reasonably usable forms, whether produced or created by a party or another person and/or whether produced pursuant to FED. R. CIV. P. 34, by subpoena, by agreement or otherwise. The term "document" also encompasses interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits and briefs, interviews and recorded statements, to the extent that they may contain or disclose any embarrassing, sensitive, confidential or proprietary information. Deposition or other pretrial or trial testimony that contains Confidential Information may be designated "Confidential" by a statement on the

record by counsel during such deposition or other pretrial or trial proceeding that testimony shall be designated as "Confidential." Deposition or other pretrial or trial testimony that contains Confidential Information may also be designated as "Confidential" by stamping a "Confidential" legend on the portion of the transcript of such testimony and serving copies on the other parties, regardless of whether any confidentiality designation was made on the record when the testimony was given. "Producing Party" shall mean the person providing Confidential Information, or the party or person that originated the Confidential Information. The Producing Party that designates a Confidential Information as Confidential is referred to hereafter as the "Designating Party" for that Confidential Information.

4. The Parties agree that, except with prior written consent from the Designating Party through its legal counsel, the attorneys and the Parties herein shall use any Confidential Information only for purposes of this action, and shall not use, disclose, show or disseminate such Confidential Information, except as otherwise provided herein, to any person other than: (a) the United States District Court for the Eastern District of Washington ("the Court") and any persons employed thereby whose duties require access to any materials filed in connection with this action; (b) legal counsel for any Party in this action, their legal associates, paralegals, clerical and other support staff assisting in the representation of the Parties to this action; and (c) the Parties' expert witnesses and speaking agents.

STIPULATED PROTECTIVE ORDER ~ 4

5. The above-authorized persons obtaining access to Confidential Information shall use these confidential materials only for the purpose of preparing for trial in this case and shall not use the Confidential Information for any other purpose whatsoever. The above-named persons shall not otherwise disseminate the Confidential Information subject to this Stipulation/Order or disseminate the substance or content of such Confidential Information to others not authorized to receive such information.

6. Nothing in this Stipulation/Order shall prohibit the Parties from seeking to introduce Confidential Information at trial or seeking to protect such information at trial, or from challenging the designation of Confidential Information as Confidential. A party shall not be obligated to challenge the propriety of a confidential designation at the time made, and failure to do so shall not preclude subsequent challenge. Failure to challenge the propriety of any designation shall not constitute an admission as to the propriety of the designation. A party who wishes to challenge another party's designation of Confidential Information shall confer in good faith per FED. R. CIV. P. 26 and FED. R. CIV. P. 37 in an effort to resolve any differences as to the designation prior to filing a motion with the Court. In the event that a party intends to enter any Confidential Information of another into evidence, other than at trial, or to file a motion challenging the propriety of a Confidential designation, that party shall file such designated Confidential Information under seal

STIPULATED PROTECTIVE ORDER ~ 5

1  pursuant to any applicable Federal Rules of Civil Procedure and/or Local Rules of
2  the Court.  The motion can either be filed before or with the document filed under
3  seal, if permitted under applicable court rules.  Where reasonably practical, only
4  those portions of documents that purport to consist of Confidential Information shall
5  be filed under seal.

6    7.   Except as otherwise agreed in writing, at the conclusion of this action,
7  whether the action be settled, otherwise resolved in full prior to trial, or tried on the
8  merits, all Confidential Information received in written, electronic or tangible form,
9  including copies, reproductions or other media containing such Confidential
10 Information, shall be promptly destroyed upon request by the Designating Party.
11 Upon request by the Designating Party, counsel for the other parties shall also
12 provide certification to counsel for the Designating Party that such Confidential
13 Information has been permanently destroyed.

14   8.   The terms of this Stipulation/Order shall survive any settlement,
15 continuance, dismissal, severance, judgment, or other disposition of this case, and
16 the Court shall continue to retain jurisdiction over the Parties and recipients of the
17 Confidential Information to enforce the terms of this Stipulation/Order.

18 //
19 //
20 //

STIPULATED PROTECTIVE ORDER ~ 6

**IT IS SO ORDERED.**

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** February 10, 2016.



THOMAS O. RICE
Chief United States District Judge

STIPULATED PROTECTIVE ORDER ~ 7